UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**CIVIL ACTION NO. 3:21CV-00678-JHM**

**RASHEE WARDFORD**                                                               **PLAINTIFF**

**V.**

**ST. MATTHEWS POLICE,** *et al.*                                           **DEFENDANTS**

**MEMORANDUM OPINION**

Defendants moved to dismiss *pro se* Plaintiff Rashee Wardford's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). [DN 17]. Plaintiff failed to respond. However, a review of the record reflected that Plaintiff did not originally receive the motion to dismiss. The Court directed the Clerk of Court to send Plaintiff a copy of the pending motion to dismiss. The Court also issued an order for Plaintiff to respond to the pending motion within 30 days from entry date of the order. [DN 23]. The Court warned Plaintiff that "**failure to comply with this Order will result in dismissal of the action**." [*Id.*]. Plaintiff has failed to respond, and the time to do so has passed.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). "[W]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Id.* "[T]he lenient treatment generally accorded to pro se litigants has limits. Where, for example, a pro se litigant fails to comply with an easily

understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (cleaned up). Additionally, courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

    Because Plaintiff has failed to comply with a straightforward order of this Court, despite being warned that dismissal would occur without compliance, the Court will dismiss this action by separate order.

Date:  July 5, 2023

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:    Plaintiff, *pro se*
       Counsel of Record
4414.014